DAVID PROUTY AND JOHN MEARS, PLAINTIFFS IN ERROR, *v.* DRAPER RUGGLES ET AL., DEFENDANTS IN ERROR.

The plaintiffs, in the Circuit Court, claimed damages for the infringement of their patent for "a new and useful improvement in the construction of a plough." The claim of the patentees was for the combination of certain parts of the plough, not for the parts separately. The Circuit Court charged the jury, that unless it is proved that the whole combination is substantially used in the defendant's ploughs, it is not a violation of the plaintiff's patent; although one or more of the parts specified in the letters patent may be used in combination by the defendant. The plaintiffs, by their specification and summing up, treated the parts described as essential parts of their combination, for the purpose of brace and draft; and the use of either alone by the defendant would not be an infringement of the combination patented. Held, that the instructions of the Circuit Court were correct.

The patent is for a combination, and the improvement consists in arranging different portions of the plough, and combining them together in the manner stated in the specification, for the purpose of producing a certain effect. None of the parts referred to are new, and none are claimed as new; nor is any portion of the combination less than the whole claimed as new, or stated to produce any given result. The end in view is proposed to be accomplished by the union of all, arranged and combined together in the manner described; and this combination, composed of all the parts mentioned in the specification, and arranged with reference to each other, and to other parts of the plough, in the manner therein described, is stated to be the improvement, and is the thing patented. The use of any two of these parts only, or of two combined with a third, which is substantially different in the form, or in the manner of its arrangement and connection with the others, is, therefore, not the thing patented. It is not the same combination, if it substantially differs from it in any of its parts.

IN error to the Circuit Court of the United States, for the district of Massachusetts.

The plaintiffs in error instituted a suit in the Circuit Court of Massachusetts, for the recovery of damages for the violation of a patent granted to them by the United States, for a new and useful improvement in the construction of a plough.

The cause was tried before a jury, at October sessions of the Circuit Court, in 1841, and a verdict and judgment were rendered for the defendant. The plaintiffs took exceptions to the charge of the Court, and prosecuted this writ of error.

The case was submitted to the Court on printed arguments by

Mr. Choate, for the plaintiffs in error; and by Mr. Dexter, for the defendants. The case is fully stated in the opinion of the Court.

Mr. Chief Justice TANEY delivered the opinion of the Court.

This case is brought here by a writ of error to the Circuit Court of the United States, for the district of Massachusetts.

The action was instituted for the purpose of recovering damages for an infringement of a patent, which the plaintiffs had obtained for an improvement in the construction of the plough.

The invention is described in the specification, as follows:

"Be it known, that we, the said Prouty and Mears, have jointly invented, made, and applied to use, a new and useful improvement in the construction of the plough, which invention and improvement we describe and specify as follows, viz.:

Heretofore, the standard and landside of the plough has been placed perpendicular to, and at right angles with the plane of the share; on this standard the beam has been placed in such manner as to form an acute angle with the landside, of such extent as to place that part of the beam to which the moving power is applied at the distance of three or more inches from an extended line of the landside, to the right; while the after-part of the beam extends one or more inches to the left of the perpendicular of the landside, near the handle; the object has been to cause the plough 'to run to land,' or hold its width of furrow. The effect produced has been an uneasy, struggling motion, as it meets resistance at the point, wing, or heel.

We make our plough with the standard and landside forming an acute angle with the plane of the share, the standard inclining to the right or furrow side, in such manner as to enable us to place the centre of the beam on a line parallel with the landside, the forepart thereof at such distance from the extended line aforesaid, as to cause the plough to hold its width of furrow, and the after-part falling within the perpendicular of the landside of the plough, the centre of it being nearly perpendicular to the centre of resistance, on the mould-board, which we conceive to be at about one-fourth part of the lateral distance from the landside to the wing of the share, and at about one-third part of the perpen-

dicular height from the plane of the share to the upper edge of the mould-board.

This location of the centre of resistance, we base on the fact, that many ploughs which have been used in sharp, sandy soils, have been worn quite through at that point. The result of this formation of the plough, is a steady, well-balanced motion, requiring less power of draft, and less effort in directing the plough in its course.

The inclination of the standard and landside causes the plough to cut under, and take up the furrow in the form of an oblique-angled parallelogram, or like a board, feather-edged, which being turned over, falls in level with the last furrow more readily than right-angled or square-edged work.

The coulter or knife, having a similar inclination, cuts the roots of the grass, &c., and leaves all vegetable matter on the surface, at a greater distance from the under edge of the furrow, which being turned over, more readily falls in, and is far better covered than with square-edged work.

The top of the standard, through which the bolt passes to secure the beam, is transversely parallel to the plane of the share, and extends back from the bolt to such distance as to form a brace to the beam, when the after-part is passed down by lifting at the forepart; the share being fast under a rock, or other obstruction, the after-part of this extension is squared in such manner, that being jogged into the beam, it relieves the bolt in heavy draft.

The bolts which we use to fasten the pieces of cast iron, of which our ploughs are made, together, and the wood-work, are round, with inverted convex heads, like the wood screw, with a projection on the under side of the head, of semicircular form, which fits into a groove in the counter-sink part of the bolt hole, as it is cast to receive it, which not only prevents its turning, but also diminishes the liability of breakage at the corners of square holes; all which will more fully appear by reference to the drawing annexed to, and forming part of this specification.

We hereby declare, that what we claim as new, and of our invention, is the construction of such ploughs as aforesaid, and the several parts thereof, not separately, but in combination, for the purposes aforesaid, viz.:

1. The inclining the standard and landside so as to form an acute angle with the plane of the share.

2. The placing the beam on a line parallel to the landside, within the body of the plough and its centre, nearly in the perpendicular of the centre of resistance.

3. The forming the top of the standard for brace and draft. We do not intend to confine our claim to any particular form or construction, excepting such form as may be necessary to place the beam in the perpendicular of the centre of resistance, and parallel to the landside, and also to such form of the top of the standard, as shall serve for brace and draft, but have given such form as we deem to be most convenient, which may be varied, as is obvious."

The plaintiffs offered to prove the utility of the alleged improvement, which proof was dispensed with by the defendants. Certain ploughs alleged by the plaintiffs to be made in conformity with their letters patent, and certain ploughs made by the defendants, which were the alleged infringement of the plaintiff's patent, were produced in Court; and no substantial difference between them was shown by the defendants to exist, unless the fact, that the top of the standard in the defendant's plough was not jogged into the beam, and did not extend so far back upon the beam, was to be so considered.

And the plaintiffs offered evidence to show, that the top of the standard formed, as stated in the specification, would serve for both purposes of brace and draft, although not jogged into the beam.

The defendants introduced no evidence. The counsel for the plaintiffs requested the Court to instruct the jury as follows, to wit:

The counsel of plaintiffs respectfully move the Court to instruct the jury, that if the defendants have used, in combination with the other two parts, a standard of the description set forth in the specification, and it is proved to serve both for brace and draft, such use was an infringement of the plaintiffs' claim in that particular, although the defendants may not have inserted into a jog in the beam.

Also, that if any two of the three parts described, as composing the construction claimed in the specification, had been used in

combination by the defendants, it was an infringement of the patent, although the third had not been used with them.

The Court refused to give the instructions so prayed, or either of them, in manner and form as prayed by the plaintiffs; but did instruct the jury as follows, to wit:

That upon the true construction of the patent, it is for a combination, and for a combination only. That the combination, as stated in the summing up, consists of three things, viz.:

1. The inclining the standard and landside so as to form an acute angle with the plane of the share.

2. The placing the beam on a line parallel to the landside, within the body of the plough and its centre, nearly in the perpendicular of the centre of resistance.

3. The forming the top of the standard for brace and draft.

That unless it is proved, that the whole combination is substantially used in the defendants' ploughs, it is not a violation of the plaintiffs' patent, although one or more of the parts specified, as aforesaid, may be used in combination by the defendants. And that the plaintiffs, by their specification and summing up, have treated the jogging of the standard behind, as well as the extension, to be essential parts of their combination for the purpose of brace and draft; and that the use of either alone by the defendants would not be an infringement of the combination patented.

And thereupon the jury rendered their verdict for the defendants.

The first question presented by the exception is, whether the extension of the standard, and the jogging of it into the beam, are claimed as material parts of the plaintiff's improvement. We think they are. In the paragraph in which it is described, he states that it "extends back from the bolt to such a distance as to form a brace to the beam;" and also, "that being jogged into the beam it relieves the bolt in a heavy draft." And in their summing up, they declare that they claim as new, and of their invention, the construction of such ploughs as aforesaid, and the several parts thereof, not separately but in combination; and proceeding then to specify the parts so claimed, they mention, "the forming of the top of the standard for brace and draft." They indeed say that they do not mean to confine their claim to any particular form of construc-

tion, except "to such form of the top as shall serve for brace and draft." That is to say, the top is to be so formed and so connected with the beam as to answer both purposes. And as those purposes, according to the preceding part of the specification, are to be accomplished by its extension back from the bolt, and by jogging it into the beam, these two things are essential to it whatever variation may be made in its shape or size. They are, therefore, material parts of the improvement they claim.

The remaining question may be disposed of in a few words. The patent is for a combination, and the improvement consists in arranging different portions of the plough, and combining them together in the manner stated in the specification for the purpose of producing a certain effect. None of the parts referred to are new, and none are claimed as new; nor is any portion of the combination less than the whole claimed as new, or stated to produce any given result. The end in view is proposed to be accomplished by the union of all, arranged and combined together in the manner described. And this combination, composed of all the parts mentioned in the specification, and arranged with reference to each other, and to other parts of the plough in the manner therein described, is stated to be the improvement, and is the thing patented. The use of any two of these parts only, or of two combined with a third, which is substantially different, in form or in the manner of its arrangement and connection with the others; is therefore not the thing patented. It is not the same combination if it substantially differs from it in any of its parts. The jogging of the standard into the beam, and its extension backward from the bolt, are both treated by the plaintiffs as essential parts of their combination for the purpose of brace and draft. Consequently the use of either alone, by the defendants, would not be the same improvement, nor infringe the patent of the plaintiffs.

The judgment of the Circuit Court must therefore be affirmed.