BOUGHER (UNITED STATES v.). See Case No. 14,627.

---

# Case No. 1,696.

## In re BOUGHTON.

[1 McA. Pat. Cas. 278.]

Circuit Court, District of Columbia. Jan. Term, 1854.

PATENTS FOR INVENTIONS—APPEAL FROM COMMISSIONER'S DECISION—EVIDENCE — EQUIVALENTS——COMBINATION—ANTICIPATION.

[1. On an appeal from the commissioner's decision refusing to grant a patent, it is proper for the court to consider the most material parts of a correspondence had between the commissioner and the applicant, wherein facts are stated, and have been acted upon, and not denied, giving the applicant the benefit of the rule that, when part of the statement is used, the whole of the contemporaneous statement should be received.]

[2. The true criterion of mechanical equivalence is identity of purpose, and not of form or name; and this is a question of fact to be judged of on inspection or the testimony of experts. It is an inference to be drawn from all the circumstances by attending to the consideration whether the contrivance used by one party is used for the same purpose, performs the same duties, or is applicable to the same object as the contrivance of the other party.]

[3. There may be a patent for a combination producing a certain result, although neither any of the parts nor any portion of the combination less than the whole are new; for the thing patented is the combination, and not its parts.]

[4. The combination, in a thistle-digger, of wheels and knives, the knives working under ground at any required depth in a nearly flat position, and sufficiently tilling it, especially in hard, clayey, Canada-thistle soil, the wheels operating to prevent sidewise motion of the knives, whereby they would slip around hard places, is not anticipated by the prior use of wheels in plows, harrows, seed-planters, and the like, or by the combination of a sled with knives which are drawn along the surface of the ground in marshy places, to cut off the "bogs."]

[In equity. Appeal from the refusal of the commissioner to grant a patent. Reversed. Patent No. 10,467 was granted to Enos Boughton, January 31, 1854.]

MORSELL, Circuit Judge. On the day appointed for the trial, by previous notice duly given, the examiner on the part of the office appeared and laid before the judge the grounds of the commissioner's decision, in writing, with the original papers and correspondence filed in the cause. The appellant did not appear, nor did any one on his behalf. The notice was renewed, and still no one appeared on the part of the appellant. The subject will therefore be considered without further delay.

It appears from the papers that this is one of that class of cases provided for in the seventh section of the act of July 4, 1836 [5 Stat. 119], in that part of the section which begins thus: "But whenever on such examination it shall appear to the commissioner that the applicant was not the original and first inventor or discoverer thereof, or that any part of that which is claimed as new had been before invented or discovered or patented or described in any printed publication in this or any foreign country as aforesaid, or that the description is defective and insufficient, he shall notify the applicant thereof, giving him briefly such information and references as may be useful in judging of the propriety of renewing his application or of altering his specification to embrace only that part of the invention or discovery which is new." Acting under this part of the law, and on the claim of the appellant as first stated in his specification, the commissioner, on the 5th of

November, 1850, in a letter addressed to said Enos Boughton, says: "The claim of your application for a patent for a 'thistle-digger' has been duly considered, and I regret to say you have been anticipated in your invention. The devices for raising and depressing the instrument you will find substantially the same as yours in the wheel-cultivator of Samuel Ide, rejected June 12th, 1849. The device of your cutting-blades you will find in the bog-cutter of J. D. Filkins, patented January 9th, 1849." On the 19th of November, 1850, the appellant modified his claim according to the form that it is now found in his specification, that is to say: "I do not claim any part of the raising and depressing device, nor do I claim the knife or the wheels separately; but what I do claim is the combination of the knife with the wheels, for the purpose of cutting up the ground and destroying thistles or any other obnoxious weeds, plants, or grasses growing therein." The result of the action of the commissioner on the case as then presented was communicated by him to the appellant in a letter of the 25th of November, 1850, in these words: "The new claim of your application for a patent for a thistle-digger, presented for reconsideration of the application of the 19th instant, has been carefully examined, and I am sorry to say it does not appear to present any patentable feature, and the office must decide as it did at first. You make the claim rest on the combination of the cutting-knives with the wheel. Now, as wheels have been long and generally known in the application to plows, horse-hoes, seed-planters, harrows, and cultivators of all kinds, machines for excavating roads and canals, for digging potatoes, &c., it is not regarded as patentable to apply wheels to digging-machines used in the same way as in cases above mentioned, even if it could be shown that they had never before been used for such purpose."

During the pendency before the commissioner a considerable correspondence, in the character of a statement of facts and argument relating to the nature of the claim and the operation of the machine, took place between Boughton and him, which has been filed in and made a part of the case; at the close of which the commissioner, still adhering to his decision, as before stated, the appellant renewed the oath as required by law, and appealed therefrom, filing sundry reasons of appeal. The specifications, besides stating the claim as just mentioned, states particularly the nature of it, and his invention to consist in running the knife in nearly a flat position at any required depth under ground, and thereby cutting up and loosening the soil. The machine in all its parts is therein also particularly described. It is admitted by the office that the form and character of the machine is sufficiently shown in the drawing and model which accompany the specification. The reasons of appeal, though informally drawn up, seem in sub-

stance intended to embrace the amount of what the appellant had urged in his correspondence with the office, as before alluded to. The most material matters thereof are: First, that his invention consists in a combination of the wheels and knives for the purpose of cutting up the ground and destroying thistles; that it is new and useful; that the office has not shown that there was any such combination in existence, and that the usefulness of the machine has never been called in question. Second and third, that the references given by the office are irrelevant and unsatisfactory, his claim being neither upon the knife nor wheels, individually, but the combination of the two; that as to Filkins' machine, the knife is gauged by a sled hitched forward of it and guided by handles behind, for proof of which reference is made to Filkins' model and claim; and that as to the knife in Prettyman's machine, which is supposed to be like his, he says the office seems to be wandering from the claim for a combination. The fourth, fifth, and sixth relate to the ground of objection taken by the office, that the wheels perform no new office, but do the same thing they do in the plow, cultivator, and seed-planter, namely, they gauge the depth. The appellant says: "Now, they perform another and equally important office with the gauging the depth: They prevent the knife from sliding sideways around a hard place, which, from its very shape, it would do if it were not for the wheels. Now, the plow does not depend upon the wheels for this; and the cultivator or seed-planter will slip over a hard place whether they have wheels or not." The seventh is, that there is no such machine as his in its operation and effect; that the combining the knife with the wheels necessarily causes each to perform a different office from what it had done before, and forming, by means of the combination, a machine which performs the office of cultivating the soil or cutting thistles in a more easy, rapid, and effectual, and, in all respects, a better manner, than can be done without such combination.

The two replies to these reasons appear to be the same in substance. The first part states an historical account of the case in its first stages, which I have already taken some notice of. The report notices and comments particularly on the letter of the 27th May, 1851, from Boughton to the commissioner of patents. Thus, in Boughton's reply of the 27th May, 1851, he says, respecting the functions of the wheels in his machine, that they not only gauge the depth, but they also prevent the side-wise motion of the knife. "From the shape of the knife it would run around a hard place if it were not for the wheels." "The only reply to that which needs to be made is that the wheels will, in cases referred to by the office, perform the same functions as Mr. Boughton claims for the wheels of his machine. They will in all cases prevent any tendency to a side move-

ment, and just as much in one case as in the other; and hence, as before stated, the wheels in this machine perform no new functions, and hence there is no patentable combination in the case."

In his reply to the third reason the commissioner says: "The function of the wheels is nothing more nor less than guiding the cutter-blade in its depth and preventing any tendency in the same to a side movement; and the sled-runners in Filkins' cutter do the same thing and in the same way. If the wheels prevent the cutting-blade from descending below a certain depth, the sled of Filkins does the same thing equally well. If the wheels prevent the cutting-blade from slipping from side to side, as in running around. hard clay spots, the sled-runners would do the same thing in the same way, but much more effectually, because they would cover a greater length fore and aft, and have a firmer hold upon the ground than wheels could possibly have. Now, it is a rule of practice long ago established in the patent office, and sustained by the courts, that where two devices are capable each of doing the same thing, and in substantially the same way, they must be equivalents of each other, and when one has been used the other is not patentable." Again: "But it is not admitted that such use of the wheels (as by Boughton's machine) is a new use, for they have done the same service with plows and cultivators of almost all kinds from time long past."

The initiatory evidence upon which the commissioner acted in forming his opinion as first declared was upon a comparison of the appellant's machine with those of Ides, Filkins, and Prettyman, before the final decision was declared; and whilst the subject was still kept open, he submitted to a correspondence on the subject with Boughton, and which, as before stated, has been laid before me as forming a part of the case for my decision. It may therefore be proper to bring into review the most material parts of it, where facts are stated and have been acted upon, and not denied; and also to give the appellant the benefit of the rule that where a part of the statement is used, the whole of the. contemporaneous statement should be received, the part which operates for him as well as that which makes against him. Such, it is believed. will be the proper rules of evidence on the occasion.

He states that the construction of his machine is totally different from that of Filkins or any other, both in the operation and effect; that none has been shown by the office to be like it in its combination; that from a summer's use of one he had tilled fifty acres of land—"hard-clay, Canada-thistle land"—in a superior order to what he ever saw the same land before. with little more than half the labor and team theretofore bestowed, and was enabled to go about four times over with the same labor

that would be required to plough once; that it is eminently useful; that the bog-cutter is no such kind of a tool, and no such use was contemplated by the inventor; that it is gauged by a sled hitched forward of it, and by handles held by hand behind, and not a wheel about it, and contrived for the purpose of running on the top of the ground; and he refers for proof to the claim of Filkins; that the cutters in Prettyman's machine, even if resembling his, are different in the combination; that the allegation or objection "that the wheels perform no new office" is partly true and partly not; that it is true they gauge the depth, but they also prevent the sideway motion of the knife; that from the shape of the knife it would run around a hard place if it was not for the wheels; the plow does not depend upon the wheels for this; and the same is the case with the cultivator and seed-planter, from the very defects in their operation under wheels for this purpose, for they will slip over hard places whether with wheels or not; that in his combination a machine is found which performs a new office, or an old office in a different manner from all other machines, and in a manner which for hard soil is much better than any other method, and this is novelty; that there is no machine which performs the office of tilling the soil in the same manner.

Filkins, in stating the nature of his invention, says: "It consists in arranging in a proper frame-work a set of horizontal steel knives, which are drawn along the surface of the ground, and cut or shave off what are termed bogs from marshy places, thus leaving a clear surface, and also in attaching the middle beam of the aforesaid frame to the rear end of a sled, the front or inclined parts of the runners being provided with steel knives, so that, as the machine is drawn along by the team, when the runners come in contact with a bog, the knives will split it, and yet keep the machine level and steady." He states, also, that the machine is guided by handles in the rear attached to a beam.

The commissioner supposes that the claim in this case is subject to the objection of "the want of novelty," because merely analogous to the machines referred to, and to some others not particularly referred to, and because of a double use. He states the rule of practice established in the patent office and sustained by the courts to be that where two devices are capable each of doing the same thing, and in substantially the same way, they must be equivalents of each other; and when one has been used, the other is not patentable. And again: "But it is not admitted that such use of the wheels (as by Boughton's machine) is a new use; for they have done the same service with plows and cultivators of almost all kinds from time long past." The principles as stated by the commissioner must be admitted. The only

question is whether they are, according to principles of patent law, applicable to the present case. The rule on the subject of mechanical equivalents, in other words, is that "the identity of purpose, and not of form or name, is the true criterion in judging of the similarity or dissimilarity of two pieces of mechanism;" or "whether one thing is a mechanical equivalent for another, is a matter of fact to be judged of on the testimony of experts or on an inspection of the machines; and, in the language of the books, it is an inference to be drawn from all the circumstances of the case, by attending to the consideration whether the contrivance used by the one party is used for the same purpose, performs the same duties, or is applicable to the same object as the contrivance used by the other party." It is sometimes very difficult to draw the line between what is form and what is substance. Supposing the rule as laid down to be applicable, and that is to be the test, will the claim of the appellant fall unfavorably within it? The form and contrivance and the operation of the machine are different from that of those referred to: —as to the first, in the wheel and axle, and the peculiar fastenings and contrivances attached thereto, the latter being the sled and runners. Can this be said to be an equivalent? It may be very sufficient for the purpose Mr. Filkins intended it for, as before alluded to, and as expressed in his specification—that of operating on the surface of the soft, marshy ground, and splitting the bogs—but very inadequate and inappropriate for working under the ground at any required depth, and sufficiently tilling it, especially in hard, clayey, Canada-thistle earth; and in preventing the sideways motion of the knives—all this is the purpose, object, and effect which Boughton's machine is contrived and intended for. It is also stated to be a great labor-saving machine. Are not these substantial and useful differences in construction, object, operation, and effect? And so as to the other machines, plows, &c. But it seems to me that in adopting that rule the learned commissioner has not sufficiently adverted to the nature and character of the claim of the appellant. He does not claim for a new machine, or for any new and improved parts of a machine, for any new functions of the wheels or knives individually, or for any new combinations of particular parts of existing machinery or machines, but for the union of all, by which a new and useful combination is produced. And he contends that it has not been made to appear that there ever was such a combination before.

I will now proceed to state some of the principles established by adjudged cases, which I think are applicable to and ought to rule in the decision which I am about to make. Curtis, 1st edition, 1844, page 82, says: "There may be a patent for a new combination of machines to produce certain effects, whether the machines constituting the combination be new or old. In such cases the thing patented is not the separate machines, but the combination." For which is cited Barrett v. Hall [Case No. 1,047]; Park v. Little [Id. 10,715]. In the case reported in 16 Pet. [41 U. S.] 340 (Prouty v. Ruggles), Chief Justice Taney, in delivering the opinion of the court, says: "The patent is for a combination, and the improvements consist in arranging different portions of the plow and combining them together in the manner stated in the specification, for the purpose of producing a certain effect. None of the parts referred to are new, and none are claimed as new, nor is any portion of the combination less than the whole claimed as new, or stated to produce any given result. The end in view is proposed to be accomplished by the union of all, arranged and combined together in the manner described." This invention is not intended to be the case of improvement of any existing machine. If it were, then the question would be, whether it is a real or material improvement, or only a change of form. In Moody v. Fiske [Case No. 9,745], Judge Story, in delivering the court's opinion, and speaking of the claim for a combination only, says: "In such a case, proof that the machines or any part of their structure existed before forms no objection to the patent, unless the combination has existed before, for the reason that the invention is limited to the combination." In the case of Barrett v. Hall [supra], the same judge says: "The true legal meaning of the principle of a machine with reference to the patent act is the peculiar structure or constituent parts of such machine." Again: "The principles of two machines may be very different, although their external structure may have great similarity in many respects. It would be exceedingly difficult to contend that a machine which raised water by a lever was the same in principle with a machine which raised it by a screw, a pulley, or a wedge, whatever in other respects might be the similarity of the apparatus." These authorities might be added to, by stating or referring to many others, but it is deemed unnecessary.

Upon the whole, therefore, I think there are substantial differences between Boughton's claim for a combination in his machine and those referred to by the commissioner, in form, power, way, and principle, and that the decision of the commissioner is erroneous, and ought to be reversed, and the same is hereby reversed; and I do hereby determine that Enos Boughton is entitled to a patent as prayed for.

BOUGHTON (ADJUSTABLE WINDOW SCREEN CO. v.). See Case No. 81.