AMERICAN DIAMOND ROCK BORING Co. *v.* SUTHERLAND FALLS MARBLE Co.

SAME *v.* SHELDONS and another.

*(Circuit Court, D. Vermont.   May 8, 1880.)*

PATENT — COMBINATION — NEW ELEMENTS — MAY BE SPECIALLY PROTECTED.—A patent for a combination of new elements with old may secure the new elements by themselves, as well as the combination.

SAME—BORING HEADS—USE OF AFTER EXPIRATION OF PATENT—INJUNCTION.—An injunction restraining the use of certain patented boring heads, manufactured during the term of the patent, is not violated by the use of such heads made after the expiration of the patent, in connection with propelling machinery, not patented, made during its term.

In Equity.

*Charles F. Blake,* for plaintiff.

*Edward S. Phelps, Walter C. Dunton* and *Aldace F. Walker,* for defendants.

WHEELER, D. J. These causes have been heard upon motions of the plaintiff for attachments for contempt for violation of the injunctions therein. The patent on which the suits are brought has been sustained for a continuously revolving and progressive boring head, armed with diamonds for cutting rock, having a hollow central drill-rod, through which water is carried to the cutting diamonds, combined and forming a part of a machine to be suitably constructed for imparting the motion. The injunction restrains the use of machines made in the infringement of the patent during its term, which has now expired. The defendants are using machines made during the term of the patent, which carry boring heads and drill-rods made since the patent expired, according to its specifications. The patented devices are themselves a machine to be operated by other machinery, connecting them with propelling power not described in the patent.

The claims of the patent do not cover, nor show any attempt to cover, any combination of these cutting devices with the propelling machinery. A patent for a combination of new elements with old may secure the new elements by themselves as well as the combination. *Sellers* v. *Dickinson,* 6 Eng. Law & Eq. 544; *Union Sugar Refinery* v. *Matthieson,* 2 Fisher, 601. This is as much as any patentee of such a patent is entitled to hold. *Prouty* v. *Ruggles,* 16 Pet. 336. Here the other machinery is neither an element of the combination patented, nor an element patented by itself, and is not drawn into the monopoly at all. It infringed upon no right secured by the patent to make and use that during the term. That is not machinery made in infringement of the patent, although it was made to infringe the patent with. As the devices made according to the patent have been both made and combined since the expiration of the patent, the defendants are not shown to be using anything made in infringement of the patent.

It is argued that because the other parts were made to be used with those that infringed, in violation of the plaintiff's right, the plaintiff has the same right to have their continuance in use restrained as the continuance in use of the infringing parts. But this ground does not appear tenable. There is no forfeiture of other property as a penalty for infringement of a patent. Had there been a decree for the destruction of the machines to prevent further infringement, it would have extended only to the infringing parts, if they could be destroyed without destroying the other parts; and these could be. *Needham* v. *Oxley*, 11 Weekly Rep. 852. The object of the injunction is merely to secure to the plaintiff its exclusive right during the term of preventing the defendants from taking any part of it out of the term and enjoying it, and not to punish the defendants for any wrong done by them, either during the term or after.

Motions denied.