# IN THE MATTER OF GEORG FRIEDRICH RODIEK.

## August 12, 1907.

*Effect of a law upon an earlier one—Repeal:* A law general in its terms does not necessarily repeal an earlier law included within its provisions of a special character and applicable to a particular locality, the presumption being that the special law remains as an exception to the general, unless there are express words of repeal or its provisions are clearly incon-

sistent with those of the earlier law, or unless it is repealed by necessary implication.

*Same:* A restatement of the terms of a previous general law, of which such special law is an amendment and to which terms it makes an exception, is not to be taken as expressing an intention to repeal the special law; and where the latter general law merely affirms the previous general law which it repeals, or is cumulative or auxiliary to it, the special law is not thereby repealed.

Petition for Naturalization.

*Thompson & Clemons,* for the Petitioner.
*J .J. Dunne,* Ass't. U. S. District Attorney, opposed.

Dole, J.  The application is contested by the District Attorney on the ground that the present law (June 29, 1906: 34 Stat. L. 596) requires a declaration of intention to become a citizen two years before receiving citizenship papers as a prerequisite; and in this case there is no declaration of intention, the applicant relying on the qualification of five years' residence in the Hawaiian Islands previous to the taking effect of the organic act of the Territory of Hawaii (April 30, 1900: 31 Stat. L., chap. 339, page, 141), recognized by section 100 of such act as a substitute for a declaration of intention.

The contention of the District Attorney is "that the purpose of Congress in adopting the act was to reconstruct and remodel the existing law of naturalization and to prescribe the only rule by which aliens might be admitted to citizenship, to make that rule uniform, and to insist upon its observance 'throughout the United States.' "

The introductory provision as to the sections providing the method of naturalization is the same both in the new law and in the old.  It is this:—"An alien may be admitted to become a citizen of the United States in the following manner and not otherwise."  These words in the new act are therefore merely affirmative of the same words in the former act, and are subject to the exception in the method of naturalization created by the organic act of the Territory of Hawaii, unless the new act contains words showing an intention by Congress to term-

inate the running of such exception.    Does it contain such words?   I fail to find them.   The method of naturalization is substantially the same as before but with greater elaboration, and some added conditions, which, however, have no bearing upon this question.

The exception created by the organic act is limited in its application to the locality of the Territory of Hawaii.   The repealing act makes no reference to such legislation although it otherwise refers to the Territory of Hawaii.

"A special statute providing for a particular place, or applicable to a particular locality, is not repealed by a statute general in its terms and application, unless the intention of the legislature to repeal or alter the special law is manifest, although the terms of the general act would, taken strictly and but for the special law, include the case or cases provided for by it." 1 *Lewis' Sutherland on Statutory Construction,* section 275, page 529.   "It is a principle that a general statute without negative words will not repeal by implication from their repugnancy the provisions of a former one which is special, local or particular, or which is limited in its application, unless there is something in the general law or in the course of legislation upon its subject-matter which makes it manifest that the legislature contemplated and intended a repeal." *Id.,* pages 526-527.

The cases cited by the District Attorney,—*Roche v. Mayor,* 40 N. J. L., 259, and others, on the point that when a repealing statute "covers the whole subject of the first, and embraces new provisions plainly showing that it was intended as a substitute for the first act, it will operate as a repeal of that act" (*United States v. Tynen,* 78 U. S., 88, 92), do not apply, as the new law expressly repeals certain sections of the Revised Statutes and makes no reference to other sections relating to the subject of naturalization, to wit, to sections 2166, 2169, 2170, 2171, 2172, 2173 and 2174 as well as section 100 of the organic act of the Territory of Hawaii.   By these omissions it is evident that Congress, in enacting the new law of naturali-

zation, did not design a complete scheme for this matter and that it is therefore not "decisive evidence of an intention to prescribe the provisions contained in the later act as the only ones on that subject which shall be obligatory," as recognized in the New Jersey case cited above.

In reaching these conclusions I have been largely influenced by the following citations:

" It is a canon of statutory construction that a later statute, general in its terms and not expressly repealing a prior statute, will ordinarily not affect the special provisions of such earlier statute.    In other words, where there are two statutes, the earlier special and the later general—the terms of the general broad enough to include the matter provided for in the special —the fact that one is special and the other general creates a presumption that the special is to be considered as remaining an exception to the general, and the general will not be understood as repealing the special, unless a repeal is expressly named, or unless the provisions of the general are manifestly inconsistent with those of the special." *Rodgers v. United States,* 185 U. S. 83, 87-88.

" Implied repeals are not favored.    The implication must be necessary.    There must be a positive repugnancy between the provisions of the new laws and those of the old.    The language of the exception is special and express; the words relied on as a repeal are general and inconclusive.    The rule is, *generalia specialibus non derogant.* 'The general principle to be applied,' said Boville, C. J., in *Thorpe v. Adams,* L. R. 6 C. P. 145, 'to the construction of acts of Parliament is that a general act is not to be construed to repeal a previous particular act, unless there is some express reference to the previous legislation on the subject, or unless there is a necessary inconsistency in the two acts standing together.' 'And the reason is,' said Wood, V. C., in *Fitzgerald v. Champebys,* 30 L. J. N. S. Eq. 782: 2 Johns. and Hem. 31-45, 'that the legislature having had its attention directed to a special subject, and having observed all the circumstances of the case and pro-

vided for them, does not intend by a general enactment afterwards to derogate from its own act when it makes no special mention of its intention so to do.' " *Ex Parte Crow Dog,* 109 U. S. 556, 570-571.

" The question then arises, whether the 66th section of the act of 1799, Ch. 128, has been repealed, or whether it remains in full force. That it has not been, expressly or by direct terms, repealed, is admitted; and the question resolves itself into the more narrow inquiry, whether it has been repealed by necessary implication. We say, by necessary implication; for it is not sufficient to establish, that subsequent laws cover some or even all of the cases provided for by it; for they may be merely affirmative, or cumulative or auxiliary." *Wood v. United States,* 41 U. S. 341, 362.

The objection to the application is overruled.

---

*Reversed on Appeal*:    See *United States v. Rodiek,* 162 Fed., 469.