## FINLEY v. MacDOUGALD CONST. CO.

District Court, N. D. Georgia.    December 24, 1927.

No. 175.

**1. Patents ⬤⟿26(2)—Novel combination of old elements to produce new and useful result may be patentable.**

Combination of old elements to produce new and useful result may be patentable; but in such case combination alone is patentable, and infringement results only from doing the same things, and all of them, in the same way and for the same result.

**2. Patents ⬤⟿112(3)—Invention is presumed from existence of patent.**

Fact of existence of patent raises presumption of invention.

**3. Patents ⬤⟿51(1)—Practice, to constitute anticipation, must be such as would infringe patent if occurring subsequently.**

For anticipation to defeat a patent, there must have been such a practice in advance of the patent as would constitute infringement if occurring subsequently.

**4. Patents ⬤⟿51(1)—Combination patent is not anticipated, unless same or equivalent elements have been previously combined in substantially same way to produce substantially same result.**

In the case of a patent for a combination, fact that elements are old is not anticipation, but it must be shown that same or equivalent elements have been before combined in substantially the same way to produce substantially the same result.

**5. Patents ⬤⟿328—1,341,458, claims 1 to 4, for method of building or resurfacing highways, held valid.**

Patent No. 1,341,458, claims 1 to 4 inclusive, providing method of treating roadways by application of binder by side-arm distribution, top-dressing of strip bound, restoring of surface traversed by the vehicle, and applying binder to restored surface with vehicle traversing already bound strip, which effected result of eliminating ruts before applying binder, *held* valid, and not void for want of invention, and not anticipated as to combination of elements produced, though individual elements lacked novelty.

In Equity. Suit by Sam E. Finley against the MacDougald Construction Company. Decree for plaintiff.

Anderson, Rountee & Crenshaw, of Atlanta, Ga., and Chas. J. O'Neill, of Washington, D. C., for plaintiff.

Slaton & Hopkins and Spalding, MacDougald & Sibley, all of Atlanta, Ga., Ellis Spear, Jr., of Boston, Mass., and Eiffel B. Gale, of Yonkers, N. Y., for defendant.

SIBLEY, District Judge. The patent whose validity is here questioned is No. 1,341,458, for a method of treating roadways. In the art of building or resurfacing bituminous macadam roads by the penetration method, to which the patent principally is applied, the procedure, both before 1919, when the invention was made, and since, is usually to spread over the whole width of the road a layer of crushed stone of proper depth and contour, roll it lightly, to compress it somewhat and give it some firmness, but not enough to crush the stone or compact it to such an extent as to prevent its complete penetration by the binder; then coat it in longitudinal strips with hot asphalt, or other binder, from a moving vehicle; afterwards putting on a top dressing of finer stone, or sand, and then rolling it thoroughly, to complete compaction, and to smooth out any ruts or other disturbances of the surface made in the prior operations.

Because of special necessities or convenience in particular cases, machines had been made for or adapted to the throwing of the binder to one side and beyond where it was safe or convenient to run the wheels of the distributor; but this side distribution was exceptional, and never the usual or approved procedure, because of its awkwardness, the difficulty of getting uniform distribution so far away from the source of heat and pressure, and because of the vertical motion to which the far end of the distributor manifold was liable. Normally the distribution was directly behind the vehicle, covering its tracks and extending beyond them on each side. No great objection to this mode of distribution was found, where the stone was hard and could be well rolled before penetration, or where the binder was not very stiff, and rolling afterwards would easily re-

move the ruts from the surface. But on loose stone ruts were inevitable, and by rear-end distribution they were fixed by the application of the binder, and where the binder was stiff and hardened promptly the ruts were removable by rolling only with great difficulty and expense, if at all.

The conception of the patent was to use side-arm distribution generally for the purpose of preventing ruts and so avoid the necessity for curing them, by combining it with other usual operations in a new way, and confining their application after the original laying of the stone to longitudinal strips, instead of the whole width of the road. In place of first rolling the stone as hard as it would bear, and then covering the whole surface with binder, and then finishing and rolling the whole, it proposes only a light rolling, if any, of the entire surface, then the penetrating of an unrutted strip by the side-arm distribution, then top-dressing this strip only and taking it as a road to run the distributor on, from which, after restoring the strip rutted in coating the first strip, the restored and unrutted adjoining strip is coated, and so dealing with adjoining strips until the whole road is coated and top-dressed, when the entire surface may be finally rolled to full compression.

Claims 1 and 4 do not expressly name as the first step in the method the coating of the whole width of the road with stone, but both speak of *restoring* the surface after traversal, which, in the light of the procedure disclosed in the specifications, necessarily implies that the whole had been coated with loose stone, for nothing could be restored that had not even existed. There is a manifest economy and advantage in applying the stone to the whole width of the road at one time. I think, therefore, all four of the claims are to be construed as involving, as the first step in the method, the application of the loose stone over the entire width to be treated. In all of them, with some variations, the substantial steps in the process are: (1) Coating the entire width of the roadway to be treated with loose stone, or the like, working it to desired cross section and contour; (2) applying binder from a moving vehicle by side-arm distribution to a longitudinal strip; (3) top-dressing this strip; (4) restoring the surface traversed by the vehicle; (5) applying binder to the restored surface with the vehicle traversing the already bound strip.

[1, 2] Each of these steps, separately considered, was old in the art, so that no patentable novelty could be claimed in any of them. It is the *order* of the steps and their *marshaling*, to the end of producing, before the final rolling, a smooth and regular surface, which was new. Such a novel co-ordination of old elements to produce a new and useful result may be patentable. 30 Cyc. 830, 831, 858, 859. But it is the combination as such alone that is patentable. Infringement can result only from doing the same things, and all of them, in the same way, for the same result, or substantially so. Prouty v. Ruggles, 16 Pet. at page 341, 10 L. Ed. 985; 30 Cyc. 941, 975. Regarding this patent strictly in this light, I think these claims can all be sustained. The method is useful, in that, especially when softer stones and harder asphalt are used, a smooth surface may more easily and certainly be obtained. It is novel, in that the steps, while all practiced before for varying purposes, had never before been co-ordinated for the purpose of eliminating ruts before applying the binder. Invention is presumed from the existence of the patent, and is argued by the fact that, while side-arm distribution had been long used for other purposes, its usefulness in combination with these other steps to secure an absence of wheel ruts before penetrating seems not to have occurred to any one else.

[3-5] The contention as to anticipation is similarly disposed of. Side-arm distributors and side-arm distribution are shown to be old, but generally used, before this invention, to deposit the binder near a wall or elevated curb, or over a new-made shoulder along the road, where it was inadvisable or unsafe to run one wheel only of the distributor; or, if the rutting of the stone of the shoulder was sought to be avoided, there was no application of this entire method to the covering of the whole road. The method used on the Saugus road in Massachusetts was not this method, because it involved the clumsy and expensive feature of laying the stone by piecemeal, and did not involve the restoration of surface after rutting, for there was no stone so traversed to be rutted. The method used at Saugus seems not to have met with success or favor, or subsequent use.

The nearest approach to anticipation of the entire method as patented was in the work at Cranston, R. I., in 1913 or 1914. One witness stated that side-arm distribution was there used to avoid applying the binder over the places torn up by the feet of the four horses drawing the distributor, and over their dung. Rutting by the wheels was not considered. Supposing the testimony of this witness to be sufficient and

truthful, it yet appears that the experiment was never repeated. Horses ceased to be used for motive purposes. The distributor was discarded, and the whole thing forgotten. I think this episode would rank as an abandoned experiment only. Gayler v. Wilder, 10 How. 477, 497, 13 L. Ed. 504; 30 Cyc. 839, and citations.

For anticipation to defeat there must have been such practice in advance of the patent as would be infringement since. 30 Cyc. 833, 834. In the case of a patent for a combination, that the elements are all old is not anticipation, but it must be shown that the same or equivalent elements have been before combined, in substantially the same way, to produce substantially the same result. 30 Cyc. 841. This has not, I think, been done. The patent, aided by the presumptions in its favor, will be upheld as for a method combining old elements of practice to produce a new and useful result.

A decree may be taken in pursuance of this opinion, with a reference to a master to fix the damages, if desired.