[Civ. No. 11203. Second Appellate District, Division Two.—March 20, 1939.]

ORRIN F. MARVIN, Respondent, v. MILLS ALLOYS, INC. (a Corporation), Appellant.

Clyde R. Burr and Philip Grey Smith for Appellant.

Fred Utterback, Freston & Files and James A. McLaughlin for Respondent.

WOOD, J.—Plaintiff seeks to recover upon a contract whereby defendant agreed, upon certain conditions, to pay a royalty upon the manufacture of sand blast nozzles. By the agreement, which was in writing and dated January 28, 1930, plaintiff became an employee of defendant and assigned to defendant all of plaintiff's developments and inventions with the exception of "an invention heretofore made by me in connection with the lining of nozzles with tungsten carbide". The contract provided: "With respect to the ex-

ception above noted, which refers to a wear-resisting nozzle, it is agreed that I shall, at my own expense, file a patent application thereon, and that Mills Alloys, Inc., and its successors are hereby granted an exclusive right and license to make and sell throughout the world wear-resisting nozzles embodying my said excepted invention; and I am to receive a royalty for each such nozzle sold at the rate of 50 cents, from Mills Alloys, Inc. Said nozzle is characterized by the use of a wear-resisting lining preferably made from tungsten carbide; and I understand that in the event of my being finally unsuccessful in obtaining a patent for said device, all royalty payments shall cease. I understand there may be an interference contest on priority between myself and others, who have granted an exclusive license under their application to Mills Alloys, Inc.; and my right to a continuation of said royalty is contingent upon my success in any such interference proceeding." The trial court found that plaintiff obtained a patent in accordance with the terms of the contract and rendered judgment for plaintiff. It is the contention of defendant that plaintiff failed to obtain the patent referred to in the contract and that the trial court's findings in plaintiff's favor are not sustained by the evidence.

Shortly after the making of the contract between the parties plaintiff applied for the patent. His application was denied by the United States patent department on November 15, 1930, on the ground that patents on the same invention had been issued to one Jacobovics. Plaintiff was paid royalties up to January 14, 1931, at which time he was notified by defendant that no further royalties would be paid. Plaintiff persevered in his efforts with the patent office and finally obtained a patent on July 23, 1935, on a certain structure consisting of a sand blast nozzle and a holder with an inset or adapter feature. Defendant continued manufacturing the nozzle for which a patent had been denied but did not manufacture any of the instruments for which plaintiff succeeded in obtaining a patent except for the purposes of experimentation. It will be noted that according to the terms of the contract royalties were to cease in the event of plaintiff's being finally unsuccessful in obtaining a patent on the "device" referred to in the contract. ■ The question for determination, therefore, is whether plaintiff obtained a pat-

cnt upon the nozzle referred to in the contract or upon some different article.

In addition to various proceedings before the patent office, including claims there presented on behalf of the Jacobovics patents and arguments on behalf of the various applications, we have before us two original exhibits, exhibit E being a sample of articles which defendant manufactured both before and after the making of the contract between the parties, and exhibit F being a sample of the instrument upon which plaintiff obtained a patent on July 23, 1935. From these exhibits and from the descriptions contained in the various claims on file in the patent office the only reasonable conclusion to be reached is that exhibit F, the instrument upon which plaintiff obtained a patent, is not the device mentioned in the contract. The contract covers an invention which had been "heretofore made" by plaintiff, "which refers to a wear-resisting nozzle", which was "characterized by the use of a wear-resisting lining preferably made from tungsten carbide". Plaintiff agreed to apply for a patent on the invention which he had previously made. He was unsuccessful, however, because of the priority of the Jacobovics patents, in one of which the applicant filed the claim: "Nozzle according to patent claim, characterized thereby, that the part containing the tungsten carbide is enclosed by a jacket of softer material than that of this part." Exhibit E, a sample of the articles manufactured by defendant, is a simple device which corresponds accurately to the description of the Jacobovics patent. It is a nozzle containing tungsten carbide enclosed by a jacket of softer material.

In the instrument, exhibit F, upon which plaintiff bases his demand for royalties, the simple nozzle referred to in the contract between the parties is only one element in a combination structure upon which plaintiff obtained his patent, the structure containing an exchangeable inset or adapter, together with a nozzle holder and a nozzle. When plaintiff's application was denied on November 15, 1930, no patent could be obtained by him except upon a different invention since his first device was rejected because of the priority of the Jacobovics patents. He finally worked out a different and patentable instrument concerning which he filed in the patent office the following claim: "In a nozzle structure, tungsten carbide means for forming a discharged orifice, a nozzle sup-

port engaging said means, a shoulder on said support, a nozzle holder having threads thereon, an interchangeable inset adapted to be wedged in said holder and also adapted to be a continuation of said discharge means, said inset being wedged in said holder at an end of the holder nearest said discharge means and said inset extending through said holder in a direction receding from said discharge means, and a nut cooperating with said shoulder and said threads to urge said holder and said support together, thus wedging the inset tightly in said holder and holding it tightly against said means''.

It is apparent that plaintiff has included the single element referred to in the contract in the combination for which he ultimately obtained a patent. He had not been able to secure a patent on this element before placing it in the combination and he may not now successfully claim a patent on this element by reason of its inclusion in the combination. ''A patent may not be secured on a single element by inclusion.'' (*Radio Corp.* v. *Lord,* 28 Fed. (2d) 257, C. C. A. (3d) Circuit.) Plaintiff is entitled to protection for the combination for which he obtained a patent but he is not entitled to collect royalties for the use of the single element in the combination, the element for which he was denied a patent. (*Prouty & Mears* v. *Ruggles et al.,* 16 Pet. (U. S.) 331 [10 L. Ed. 985].)

The judgment is reversed.

Crail, P. J., and McComb, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 14, 1939, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 18, 1939.