## EVANS *v.* KELLY and others.

(*Circuit Court, N. D. Illinois.* January, 1880.)

PATENTS FOR INVENTIONS—HOW CONSTRUED.

A patent claim must be construed in the light of the specifications, and where the specifications describe the entire article, parts of the description cannot be separately considered, to show an infringement of one of the parts.

In Equity.

*Lawrence, Campbell & Lawrence,* for complainant.

*Charles W. Griggs,* for defendants.

DRUMMOND, C. J. I do not think this case is so clear as to warrant the court in allowing the injunction to issue. As I understand the claim set forth in the plaintiff's patent, it is for a covering made of a particular material, being a non-conductor of heat, in sections, so as to be easily put on and off any drum, pipe, steam generator, etc., in the way described. There is a particular description given of the manner in which this covering is applied around the steam-pipe. It is not clear that there is claimed absolutely the mere construction of a covering of a non-conducting material made in sections, so as to be put on and taken off the steam-pipe, drum, etc., easily; but in the particular way which is described. It is not necessary for me to decide here whether a claim for that in itself would be patentable, because, as it seems to me, the claim which is set up here is for the covering of the material, put on in the way described. This is the claim:

"The shells or tiles, A, A, constructed and applied to steam-pipes, drums, or other heated vessels, so as to produce a non-conducting covering, either with or without the confined air space between the said shells and the vessel covered thereby, substantially as and for the purpose hereinbefore set forth."

I admit, in order to properly construe the claim, we have to take the description given in the specifications of the subject-matter of the claim, and apply it to the description therein contained. Adopting that rule here, it seems to me we cannot sever the claim from the description contained in the specifications, and that we must assume that it is co-extensive with that description. If it was intended to claim parts of that which is described in the specifications as a whole, it should have been so stated; but where it claims the whole as described, we cannot sever one part of the description from another; but we must take it in its totality, and apply the description to the claim.

That is the view which now occurs to me in reference to this patent, and it is material for this reason; that while the patent may be sustainable as described in the specifications, and as claimed, it might not be if separated into its various parts; and if we construe the claim in that way there might be so much doubt that I do not think I ought to grant an injunction. Whether the patent can be sustained, and whether, with a more liberal construction, it can be said that there is an infringement by the defendant of the claim set forth in the patent, is the question.

I give these views now, not that they will be absolutely binding upon the court when the case comes to final hearing; but only for the purpose of showing that it is not so free from doubt that the court ought, under the circumstances, to issue an injunction. I think in all cases it ought to be clear to the mind of the court before an injunction is issued.