## ROWELL & Another *v.* LINDSAY & Another.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF WISCONSIN.

Argued December 15, 16, 1884.—Decided January 5, 1885.

A patent for a combination of separate parts does not cover each part when taken separately.

A patent for a combination is not infringed by use of one of the parts which, united with others, makes the combination, unless other mechanical equivalents, known to be such when the patent was granted, are substituted for the omitted parts.

Seeding machines manufactured according to the specifications in patent No. 152,706, for a new and useful improvement in seeding machines, granted to John H. Thomas and Joseph W. Thomas, June 30, 1874, do not infringe the reissued letters patent, No. 2,909, granted to John S. Rowell and Ira Rowell, for a new and useful improvement in cultivators.

This was a suit in equity brought by the plaintiffs in error as plaintiffs below, to restrain the defendants in error from infringing reissued patent No. 2,909 for a new and useful improvement in cultivators, granted to the plaintiffs, March 31, 1868. The defendants denied the infringement, and justified the manufacture of the machines alleged to be such by patent No. 152,706 granted to John H. Thomas and Joseph W. Thomas, June 30, 1874, for a new and useful improvement in seeding machines. A decree was made below in favor of the defendants, from which the plaintiffs appealed.

*Mr. James J. Dick* for appellants.

*Mr. E. E. Wood* for appellees.

MR. JUSTICE WOODS delivered the opinion of the court.

The appellants, John S. Rowell and Ira Rowell, were the plaintiffs in the Circuit Court. They brought their bill in equity against Edmund J. Lindsay and William Lindsay, the appellees, to restrain the infringement of reissued letters patent No. 2,909, dated March 31, 1868, granted to the plaintiffs for

"a new and improved cultivator." The invention was illustrated by the annexed drawings, and was described in the specification as follows:

*Fig.1.*

*Fig.2.*

"Figure 1 is a side elevation of the tooth, in a beam shown in longitudinal section.

"Figure 2 is a top view of the beam, with the tooth in position.

"This invention consists in applying to the shank of the tooth a curved brace-bar, the upper end of which passes through a slot or mortise in the beam, and is held in position by a clamping-bolt, which passes transversely through the slot or mortise near the brace-bar, and forces the sides of the beam

together against the brace-bar, so as to clamp it in any required position, and thereby adjust the tooth in any inclination, at the same time allowing it to yield to immovable obstacles without breaking.

" In the drawings, *A* represents one of the beams of a cultivator; *B*, the shank, pivoted at *b*; *B'*, the tooth; *C*, a curved brace-bar, extending in the arc of a circle outward and upward from the rear side of the shank *B*, and its upper end passing vertically through a longitudinal slot or mortise, *a*, in the beam *A*; and *D* a bolt, passing transversely through the slot or mortise, and having a head, *d*, on one end, and a nut, *d'*, on the other, by which the side walls of the slot or mortise can be clamped against the brace-bar with any required force, thereby holding the latter in position when operating in the field.

"It is evident that in a device thus constructed and operating, the brace-bar *C* can be so clamped that the tooth will retain its position when working in arable soil, but will yield when coming in contact with an immovable obstacle, and pass over it without breaking, the shank turning back upon its pivot, *b*, and the brace-bar being forced up through the slot. The same arrangement also allows the shank to be adjusted in any position for deep or shallow cultivating.

" Having thus described our invention, what we claim as new, and desire to secure by letters patent, is—

" The combination of the slotted beam *A*, shank *B*, brace-bar *C*, and bolt *D*, when the parts are constructed and arranged to operate as and for the purposes herein specified."

The answer of the defendants, among other defences, denied infringement of the letters patent. The plaintiffs contended that infringement of their letters patent was made out by the evidence, which tended to show that the defendants constructed and sold seeding machines made according to the specification of letters patent granted to John H. Thomas and Joseph W Thomas, dated June 30, 1874, for "an improvement in sowing machines." This invention related to the drag-bars and shovel standards of broad-cast seeders, and consisted mainly in the manner of attaching the standards to the drag-bar. The inven-

tion can be readily understood from the annexed drawings, by
which the specification was illustrated.

The bar $A$ is cut so as to leave a slit in the rear end as at $A^2$
to receive the shank of the shovel $C$. This is secured in the
slit by the bolt $D$. Another threaded bolt is passed through
the bar $A$ in such place as to sustain the shovel when in proper
position. The ends of the bifurcated bar are drawn down by
the bolt $E$ or by the united action of the bolts $E$ and $D$ until
clamped against the standard of the shovel with such force
that the friction shall maintain the shovel in position while
passing through mellow earth, but not so tight but that it will
yield to an excessive resistance before force enough is applied
to break the shovel. The advantages of the invention are thus
stated: "By the form given to the standard we obtain not
only the gripe on the pivoted end, but also a gripe against the
sides of the standard, so that from its form it must be moved
in the direction of its length. A much less restraining force
will then hold the standard with requisite tenacity. Our de-
vice has its distinguishing feature in that construction, as
shown, by which the shank is itself so bent as to give effect to
the double action of the joint at the eye and the compressing

bolt *E*. By making it in one piece its construction is greatly cheapened as compared with that class where an arm has to be welded into the shank."

The claim of this patent was as follows: "In combination with the drag-bar *A*, bifurcated at *A²*, the curved shovel standard *C* bent as shown and pivoted by a bolt at *D* and clamped by bolt *E*, substantially as shown and described."

Upon final hearing upon the pleadings and proofs the Circuit Court dismissed the bill; see 6 Fed. R. 290, and the plaintiffs appealed.

The evidence shows that the shanks or standards of ploughs, cultivators, and seeding machines have been used in a great variety of forms. In some the upper end of the brace entered the beam in the rear and in others in front of the shank. In some the upper end of the shank and the brace were so formed and united as to present an elliptical figure. Many, perhaps the majority, were without braces. In some the upper end of the shank was made with a head in the form of an elliptical or circular plate, called an enlarged head. This performed the function of a brace. The patent of the plaintiffs, therefore, stands on narrow ground, and to sustain it it must be so construed as to confine it substantially to the form described in the specification.

The patent of the plaintiffs is for a combination only. None of the separate elements of which the combination is composed are claimed as the invention of the patentee, therefore none of them standing alone are included in the monopoly of the patent. As was said by Mr. Justice Bradley in the case of *The Corn-Planter Patent*, 23 Wall. 181, 224: "Where a patentee, after describing a machine, claims as his invention a certain combination of elements, or a certain device, or part of the machine, this is an implied declaration, as conclusive, so far as that patent is concerned, as if it were expressed, that the specific combination or thing claimed is the only part which the patentee regards as new. True, he or some other person may have a distinct patent for the portions not covered by this; but that will speak for itself. So far as the patent in question is concerned, the remaining parts are old or common

and public." See also *Merrill* v. *Yeomans*, 94 U. S. 568, 573; *Water Meter Co.* v. *Desper*, 101 U. S. 332, 337. *Miller* v. *Brass Co.*, 104 U. S. 350. These authorities dispose of the contention of the plaintiff's counsel that their patent covers one of the separate elements which enters into the combination, namely, a slotted wooden beam, because, as they contend, that element is new, and is the original invention of the patentees.

The patent being for a combination, there can be no infringement unless the combination is infringed. In *Prouty* v. *Ruggles*, 16 Pet. 336, 341, it was said: " This combination, composed of all the parts mentioned in the specification, and arranged with reference to each other, and to other parts of the plough in the manner therein described, is stated to be the improvement and is the thing patented. The use of any two of these parts only, or of two combined with a third which is substantially different, in form or in the manner of its arrangement and connection with the others, is, therefore, not the thing patented. It is not the same combination if it substantially differs from it in any of its parts. The jogging of the standard into the beam, and its extension backward from the bolt, are both treated by the plaintiffs as essential parts of their combination for the purpose of brace and draft. Consequently, the use of either alone, by the defendants, would not be the same improvement nor infringe the patent of the plaintiffs." To the same effect see also *Stimpson* v. *Baltimore & Susquehanna Railroad Co.*, 10 How. 329; *Eames* v. *Godfrey*, 1 Wall. 78; *Seymour* v. *Osborne*, 11 Wall. 516; *Dunbar* v. *Myers*, 94 U. S. 187; *Fuller* v. *Yentzer*, 94 U. S. 288.

But this rule is subject to the qualification, that a combination may be infringed when some of the elements are employed and for the others mechanical equivalents are used which were known to be such at the time when the patent was granted. *Seymour* v. *Osborne, ubi supra; Gould* v. *Rees*, 15 Wall. 187; *Imhaeuser* v. *Buerk*, 101 U. S. 647.

In the light of these principles, we are to inquire whether the defendants use the combination described in the patent of the plaintiffs. The contention of the defendants is that the brace-bar, which is one of the elements of the combination

covered by the patent of the plaintiffs, is not, nor is its equivalent, found in the machines made and sold by them. It is plain, upon an inspection of the drawings, that the defendants do not use a brace-bar similar in shape or position to that described in the plaintiff's patent.

But the plaintiffs insist that the top of the shank, curved as shown in the Thomas patent, is the equivalent of the brace-bar forming one of the elements of their invention; and as the contrivance of the defendants embodies this equivalent device in combination with all the other elements covered by the plaintiffs' patent, that the infringement is established. Whether the first-mentioned device is the equivalent of the latter is the question for solution. We think the contention of the defendants that it is not, is well grounded. The specification and drawings of the plaintiffs' patent, and the testimony of the plaintiffs' witnesses, show that one purpose of the brace-bar, used in the plaintiffs' combination, was to strengthen and support the shank between the tooth and the beam. The use of the brace-bar enabled the plaintiffs to make the shank with less material, and, at the same time, to increase its strength. This function is not performed by the curved portion of the shank used by the defendants, which has not the slightest tendency to support and strengthen the shank between the tooth and the beam, where the greatest strain comes. On the contrary, the defendants, by reason of the absence of the brace-bar, are forced to make their shank of larger diameter than that used by the plaintiffs in order to give it the requisite strength to prevent bending. Instead of stiffening the shank between the tooth and the beam, it rather brings an increased strain upon that part of the shank. We find, therefore, that the curved upper part of the shank used by defendants does not perform one of the material functions of the brace-bar of the plaintiffs' combination. It cannot, therefore, be the equivalent of the latter. For where one patented combination is asserted to be an infringement of another, a device in one to be the equivalent of a device in the other must perform the same functions.

As, therefore, there is one element of the plaintiffs' patented combination which the defendants do not use and for which

they do not employ an equivalent, it follows that they do not infringe the plaintiffs' patent.

*The decree of the Circuit Court, which dismissed the plaintiffs' bill, is affirmed.*