### SMITH *v.* PUTNAM.

*(Circuit Court, D. Massachusetts. February 13, 1891.)*

PATENTS FOR INVENTIONS—INFRINGEMENT.
    Letters patent No. 183,716, granted October 24, 1876, to William Smith for an improved water-closet, consisting of combination claims, one element of which is two jets, are not infringed by a closet having only one jet.

In Equity.
*Charles S. Burton* and *Thomas H. Wakefield*, for complainant.
*William W. Swan*, for defendant.

COLT, J. There is one defense which is fatal to complainant's bill. The suit is for infringement of letters patent 183,716, granted October 24, 1876, to William Smith for an improved water-closet. The claims relied upon, and which the defendant is charged with infringing, are 1 and 5. These are combination claims, and one of the elements of the combination in each claim is the jet *g*. It is admitted that the defendant's apparatus does not have this element. The claims of the patent mention two jets, *f* and *g*. The closet of the defendant has only one jet. It has been repeatedly held that a combination is an entirety, and that

a patentee cannot abandon a part and claim the rest, nor can he be permitted to prove that a part is useless, and therefore immaterial, but he must stand by the claims as he has made them. If more or less than the whole of his ingredients are used by another, such party is not liable as an infringer, because he has not used the invention or discovery patented. Such is doctrine of the supreme court as laid down in *Schumacher* v. *Cornell*, 96 U. S. 549. See, also, *Keystone Bridge Co.* v. *Phœnix Iron Co.*, 95 U. S. 274; *Burns* v. *Meyer*, 100 U. S. 671; *Water Meter Co.* v. *Desper*, 101 U. S. 332; *Gage* v. *Herring*, 107 U. S. 640, 2 Sup. Ct. Rep. 819; *Fay* v. *Cordesman*, 109 U. S. 408, 3 Sup. Ct. Rep. 236; *Rowell* v. *Lindsay*, 113 U. S. 97, 5 Sup. Ct. Rep. 507; *Manufacturing Co.* v. *Sargent*, 117 U. S. 373, 6 Sup. Ct. Rep. 931.

Bill dismissed.