**SIMONS v. DAVIDSON BRICK CO. et al.**
**(two cases).**

No. 9086.

Circuit Court of Appeals, Ninth Circuit.

Aug. 18, 1939.

Rehearing Denied Sept. 18, 1939.

519

Hamer H. Jamieson, of Los Angeles, Cal., for appellant.

Lyon & Lyon, Richard F. Lyon, Frederick S. Lyon, and Robert W. Fulwider, all of Los Angeles, Cal. (Loeb & Loeb and Milton Schwartz, all of San Francisco, Cal., of counsel), for appellees.

Before WILBUR, MATHEWS, and HEALY, Circuit Judges.

WILBUR, Circuit Judge.

On August 25, 1936, the appellant brought two suits against the Davidson Brick Company for the alleged infringement of patents No. 1,870,967 and No. 1,973,912. The suits were subsequently dismissed as to patent No. 1,973,912. In one suit Miner Argenbright was joined as codefendant and, in the other, C. R. Nicoll was joined as codefendant, it being alleged that they were violating the appellant's patent by constructing the brick wall covered thereby.

On December 1, 1936, reissue, No. 20,-188, of the original patent was obtained wherein the number of claims was increased from three of the original patents to thirteen. The cases were tried together and have been consolidated on appeal and will be dealt with in a single opinion.

On December 8, 1936, the bills were amended to charge an infringement of the reissued patent but no supplemental bill was filed. Consequently, the question involved is whether or not the wall construction adopted by the Davidson Brick Company infringed the claims of the original patent. R.S. § 4916, 35 U.S.C.A. § 64; 48 Corpus Juris, 410; Altoona Publix Theatres, Inc. v. American Tri-Ergon Corp., 294 U.S. 477, 55 S.Ct. 455, 79 L.Ed. 1005.

The patent in suit covers a type of construction of a brick wall in buildings. Broadly stated, the construction calls for two parallel walls formed by bricks laid in the ordinary fashion. The space between the two parallel brick walls is filled with reinforced concrete tying the outer and inner wall together without the use of header or transverse courses of brick. The patent specifications call for lateral and transverse metal tie pieces hooked into recesses in the brick to be embedded in the mortar or concrete. The transverse tie pieces were to take the place of the header courses of brick and the longitudinal tie pieces were to strengthen the construction against longitudinal stresses. The claims do not cover these tie pieces. It is conceded that these metallic tie pieces were not novel and do not constitute a part of the combination covered by the patent.

The patent claims and specifications do not indicate the distance between the outer and inner walls except by the word "adjacent" in the claims and the words "in parallel spaced relation to each other in order to receive between them a filling of cement in the form of a grout * * *" in the specifications, and the width of this space does not constitute a feature of the invention, being neither claimed nor described. An important feature in the patent combination, however, is one by which the space between the outer and inner courses of brick may be made quite narrow. In order to accomplish this the patent specified the use of brick beveled horizontally along the upper edge and vertically on each end of the brick. The horizontal bevels along the upper and inner edges of each course of brick provide an enlargement of the center joint which is utilized to house the horizontal reinforcing bars of metal so that when they are covered by cement grout there will be an adequate space for the cement between the metal and the brick. Similar recesses are provided by the beveled ends of the brick which would house the vertical metallic reinforcing bars were it not for the fact that the brick courses are staggered, hence, the vertical spaces provided by the end bevels are not continuous.

The patent drawings show the vertical reinforcing bars in the space formed by the beveled ends of the brick but crossing the face of the brick in the next tier above. In practice, however, the vertical bars are placed without reference to the beveled spaces at the end of the brick, as it is not practicable to do otherwise. The patent describes the method of forming the wall. Two types of cementitious material are used, a lime mortar for the laying of the brick, and a cement grout for filling the center joint and spaces connected therewith. The brick is laid in mortar in the usual fashion, but the end and bed joints are not completely closed by the mortar. When one or more courses of brick in each wall have been thus laid a cement grout is poured into the space between the two walls and this flows into any unoccupied space at the ends of the brick and in the bed joint. The patent does not specify the ingredients or character of the mortar or the grout, but specifically declares that the cementitious material used for the grout should be of a harder and more resisting character than the lime mortar used for lay-

ing the brick. It is also referred to as "the hardest and strongest cement". This feature of the construction was not covered by the claims in the original patent but was covered by the claims of the reissue patent, Nos. 4 to 13, inclusive. The claim is made that by having the reinforced concrete or material in the center harder than the mortar used in laying the bricks, the wall bends more readily to a transverse stress and is consequently stronger. The patent states: "The center joint being provided not only with the hardest and strongest cement, but also being strongly reinforced by the vertical rods 15, in its combination with the less resisting bed joints 30 nearer the sides of the wall will provide a shock resisting wall which will not collapse even tho some breakage may occur at the bed joints 30 when the wall is subjected to shock."

The wall constructed by the appellees, which is claimed to infringe, is composed of two layers of brick laid in mortar with a center joint reinforced by vertical and horizontal steel bars and filled with a cement grout. The brick used is not beveled, but has three vertical corrugations which increases the space between the outer and inner course of brick and provides a greater surface for adhesion of the grout and thus has vertical columns or bars of concrete in the center of the wall. The wall is reinforced by vertical and horizontal metal bars. No effort is made to house the vertical reinforcing bars in the corrugations, and there is no horizontal space which takes the place of or is equivalent to the horizontal beveled edges of the bricks used in the Simons patent.

The trial court held that in view of the prior art the Simons patent should be confined to the use of a brick with a horizontal beveled edge for the housing of the horizontal metal reinforcing bar and, consequently, held that there was no infringement by the appellees who used no horizontal bevel at all.

From this decree the plaintiff has appealed. The appellant assumes that the only question involved on appeal is that of infringement and, notwithstanding the fact that the trial court held that in view of the prior art the claims of the patent should be narrowly construed, appellant claims that the patent is a basic one and should be given a broad construction in determining the question of infringement.

██ The trial court made specific and detailed findings of fact. In these findings the court held that certain features of the patent were anticipated by prior patents mentioned by name and number in the findings.

The first 44 assignments of error by the appellant state that "the court erred in finding" thus and so, stating the substance of the finding without specifying that the evidence was insufficient to justify the particular finding in question.

In appellant's brief he refers in general terms to his 50 assignments of error and states they "are considered under proper groupings together with a full showing of wherein they are erroneous elsewhere in this brief."

The appellee claims that notwithstanding this promise "the appellant, in his brief, has failed to specify the specific error in any of the findings of fact made by the lower court, and that the issue of this appeal should be properly restricted to the question whether such findings assumed to be correct support the decree of the lower court." Rule 20 of this Court at the time appellant's brief was filed, and now, requires that in "equity cases" and "at law when findings are made the specification shall state as particularly as may be wherein the findings of fact and conclusions of law are alleged to be erroneous." (Rules effective December 19, 1938)

It is true that the appellant, after paying apparent attention to the rule of court requiring specifications in a brief, completely ignores the rule and discusses the whole problem without regard to the specific findings of the trial court or any claim of error in specific findings. Indeed, the appellant claims that he is entitled to disregard the findings of fact by the trial court because they were prepared by appellees' counsel. "Obviously", he states, "they were not made by the court and they are mere argument and prejudiced contentions". He argues that we should disregard the findings stating "under these circumstances the Circuit Courts of Appeals proceed as if no findings had been made by the trial court." Appellant cites the decision in Process Engineers, Inc., v. Container Corp. of America, 7 Cir., 70 F.2d 487, to sustain his contention. We cannot accede to this contention. The fact that opposing counsel has prepared and submitted findings of fact for the consideration of the trial judge, and that such findings of fact may have been adopted by the trial judge as his findings, in no way detracts from their legal force or effect. The characterization of the findings of fact adopted by the trial court as "appellees' findings of fact" is wholly unwarranted.

Our rule should be followed. It is necessary as far as possible to sharply define the contentions of the appellant, and to avoid the difficulties arising from haphazard contentions upon questions of law and fact that may or may not be germane to the questions raised by the appeal. However, the issues in the case at bar are sharply defined and clearly presented by both parties and we find no difficulty in considering the main questions involved. We will, therefore, proceed to a consideration of these questions.

### Finding No. XVI.

██ The trial court found that the patent to Wiederholdt (No. 1,041,389, and to Dochnal, Nos. 1,156,468, 1,425,181) anticipated all the features of the appellant's patent except the horizontal bevel of the brick.

The patent of Wiederholdt describes his invention as follows: "Briefly stated, my invention consists in a wall composed of a molded core, preferably of reinforced concrete, and an inner and outer facing for said core formed by bricks which are so constructed that integral portions of the concrete core will be securely interlocked with same." If the brick walls described in the Wiederholdt patent were crowded together so that the space between them was but slightly wider than the ordinary mortar course, the horizontal reinforcing bar will have no channel or recess such as is provided by the bevel along the upper edge of the brick used in the Simons patent. On the other hand, the vertical reinforcing bar of Wiederholdt could be housed in the space provided by the beveled ends of one course of brick and in the course above or below would pass through the dovetailed recess in the center of the brick. The author of the Wiederholdt patent makes no claim for the use of the recesses to house the vertical reinforcing bars but as the patent clearly shows this can be done that feature of the patent, if novel, was dedicated to the public. The only thing remaining for Simons' invention over the Wiederholdt invention was the horizontal recess and the

use of two kinds of cementitious material, mortar and cement grout, the latter having been first claimed in the renewal patent. The defendant does use a different material for grout than for mortar, probably to facilitate the pouring of the grout and its entry into the interstices not filled with mortar, but the mortar is stronger than the cement. In any event, the use of cement and mortar in this fashion by the defendant would not infringe the claims of the original patent. The construction of the defendant makes no provision for housing the horizontal reinforcing bars in recesses in the brick, resulting from the bevelling of the brick and, therefore, does not infringe that feature of the Simons patent.

The appellant claims that the Wiederholdt patent does not anticipate his patent in suit because it is described as a reinforced concrete wall faced with brick and not as a brick wall. He claims that the bricks do not form a portion of the bearing wall and only amount to ornamental facing like tile. But the construction disclosed makes them a part of the wall. It matters not what Wiederholdt described or claimed, if it sufficiently disclosed the appellant's construction by drawings or specifications such disclosure dedicated the unclaimed parts of the invention to the public. Lanston Monotype Mach. Co. v. Pittsburgh Type Founders' Co., 3 Cir., 283 F. 713; Coulter v. Eagle & Phenix Mills, 5 Cir., 35 F.2d 268. It is clear that the brick in Wiederholdt's wall do form an integral part of the wall, as he states in the above quoted portion of his patent. He also says in his discussion that "a wall constructed in this manner is practically a monolithic structure, but its external appearance is the same as an ordinary brick wall. Moreover, such a wall is stronger than a wall built entirely of bricks, for the inner core of the wall consists of a moulded mass of reinforced concrete to which the brick facings are securely interlocked * * *". The only statement by Wiederholdt about the width of the concrete is that the inner facing is spaced away from the outer facing. Not only was there no invention over Wiederholdt in crowding the brick facings nearer together, but also such construction would be a clear infringement of Wiederholdt.

We do not place our decision solely upon the patent to Wiederholdt. Other patents are introduced in evidence and testimony given by experts in the art of wall construction and brick laying and from that testimony the court made findings amply supported by the evidence from which we quote, with approval, as follows:

Finding XI: "Prior to the date of any invention by Simons, it was old in the art to grout the center joint of a wall structure to insure the filling of all the joints between the bricks or other building elements * * *". (See Ency. Britannica, Ninth Ed., 1873, Vol. IV, p. 462, column 2.)

Finding XII: "Prior to any invention of Simons, it was old in the art to use metallic ties between the wall units of a wall structure, as distinguished from the practice of setting brick headers across the wall units * * *". (id., p. 463, col. 1, "Hollow Walls")

Finding XIII: "Prior to the date of any invention by Simons, it was old in the art to reinforce wall structures constructed by brick or other building elements by the use of metallic reinforcing rods * * *".

Finding XIV: "Prior to the date of any invention of Simons, it was old in the art to form wall structures utilizing brick provided with bevels or other shaped cutaway portions, such as grooves or corrugations, for the purpose of facilitating the flow of grout in forming the wall or to secure a better bond between the cementitious material and the brick. * * *".

Finding XV: "Prior to the date of any invention by Simons, it was old in the art to construct walls with metallic reinforcing rods, utilizing brick or other building elements with bevels or other cut-away portions to enlarge the space between the metallic reinforcing rods and bricks or other elements * * *".

■ The appellant contends, and properly so, that a patent for a novel combination producing new results or performing new functions resulting from inventive genius cannot be destroyed by the fact that some or all of the elements are old.

■ If we regard appellant's patent as a novel and patentable combination, a construction which omits one of the elements claimed as a part of the combination and does not supply an equivalent does not infringe. Each of the three claims of the original patent, being claims 1, 2 and 3 of the reissue patent, claim the horizontal bevel which the appellee omits from his

wall. The appellant argues that the square corner of the appellees' brick is the equivalent of the bevel of the appellant's patent. He says: "In Simons' [appellant] part of the seats may be at angle of approximately 45°. In Davidson [appellee] parts of the seats are flat, the difference being merely a matter of degree, and there are no degrees of infringement. A flat seat is the equivalent of a 45° angle seat. * * * Any differences between the two are merely matters of degree. Both perform the same function in the same way and achieve the same result." The appellant argues that in his patent the horizontal' bevels do not house the steel reinforcement. He says: "The steel is housed by the entire center joint which is continuous and is made wide enough to amply house the steel. The bevels are to increase the area of contact between the grout and the brick and any housing of the steel that is performed by the bevels is purely incidental." This is not the teaching of the patent. It is true that the steel is not or may not be actually forced into the beveled recess for a thick coating of the grout must surround the steel. It is not true that a 45° bevel furnishes a greater surface to the cement grout than would the other two surfaces of the rectangular prism removed by bevelling. If it is true that the Simons patent covers only "continuous center joints that are wide enough to accomplish the stated object in the Simons specification of providing "means for housing the metallic reinforced members in a more complete and satisfactory manner" as the appellant claims in his brief, then there is no invention over Wiederholdt unless the use of mortar and grout of different strength and density as claimed in the reissue patent constitutes invention. However, the original patent claims the beveled brick as an essential part of the combination and it cannot now be eliminated by interpretation. We do not pass on the validity of the patent of this combination because it is not infringed.

■ Claims 9 to 13, inclusive, of the reissue patent specify the use of vertical and horizontal metallic reinforcing units, and claims 4 to 8 of the reissue patent do not incorporate reinforcing steel, but each of these claims (4 to 13, inclusive) covers a use of a harder and more resistant core than the mortar used in the outer portions of the joints. The appellees do not use a harder center but on the contrary use a mortar constituting a stronger more resistant cementitious material than the grout, as the court found, hence, there was no infringement of these claims by the appellees who omitted an essential element of the combination claims. 48 C.J. 308; Rowell v. Lindsay, 113 U.S. 97, 5 S.Ct. 507, 28 L.Ed. 906; Black Diamond Coal Mining Co. v. Excelsior Coal Co., 156 U. S. 611, 15 S.Ct. 482, 39 L.Ed. 553; Magnavox Co. v. Hart & Reno, 9 Cir., 73 F. 2d 433. As the claims of the reissue patent are not infringed and not involved, it is unnecessary to pass on their validity.

■ The appellant advances the argument that the sudden and wellnigh universal adoption of the plan of building a brick wall covered by his patent broadly construed justifies the claim not only of novelty in his patent but of a basic improvement in the art of brick laying. Such use, while it tends to show novelty, is neither conclusive nor persuasive where other considerations enter into the problem. Altoona Publix Theatres, Inc. v. American Tri-Ergon Corp., supra. The damage to brick walls due to the earthquake at Long Beach, California, turned the attention of the building trade there to the necessity of erecting walls which would withstand sheering and tensile stresses as well as stresses due to weight. This disaster pointed to the desirability of the use of reinforced concrete in walls, and also the not unknown · combination of brick with reinforced concrete. There is no doubt that the wall produced by the union of brick and reinforced concrete was a great improvement over the common brick wall, but it was one for which appellant is not entitled to take all the credit.

■ Without further discussion of the numerous patents introduced to show anticipation of certain features of the appellant's combination, and without further reference to the testimony concerning the ancient practice of brick laying, it is sufficient to say that the evidence amply supports the conclusion of the trial judge that there was no infringement of the claims of the patent narrowly construed, as required by the prior art. The omission of an element of the combination avoids infringement, (Rowell v. Lindsay, 113 U.S. 97, 5 S.Ct. 507, 28 L.Ed. 906; Black Diamond Coal Mining Co. v. Excelsior Coal Co., 156 U.S. 611, 15 S.Ct. 482, 39 L.Ed. 553; Magnavox Co. v. Hart & Reno, 9 Cir., 73 F.2d 433, supra), unless an equivalent

524

is supplied. None is used by the appellees to supply the omitted bevels of the appellant's brick.

The defendants do not infringe the valid claims of the Simons patent.

Decree affirmed.