**Joseph P. ZAIDAN**

v.

**BORG–WARNER CORPORATION.**

**Civ. A. No. 39108.**

United States District Court
E. D. Pennsylvania.

Feb. 21, 1968.

George Gershenfeld, Philadelphia, Pa., for plaintiff.

Joseph W. Swain, Jr., Philadelphia, Pa., for defendant.

## OPINION

LUONGO, District Judge.

This is a suit by Joseph P. Zaidan for infringement of his patent No. 2,861,860 issued November 25, 1958 for pivoted removable shelves. The patent covers a device by which shelves in a generally rectangular cabinet (such as a refrigerator) may be swung free of the cabinet, thereby providing a more convenient means of access to articles on the shelves. Defendant, Borg-Warner Corporation (B-W), has moved for summary judgment on the ground that documents now in the record[1] clearly demonstrate non-in-

1. Complaint, Answer, Motion for Summary Judgment containing affidavit of a former B-W official and certified copies of plaintiff's patent No. 2,861,860 and certified copies of expired patents Nos. 123,123; 1,098,787; 1,248,288; 2,074,546; 2,092,-430; 2,111,411; 2,116,564.

fringement, and no material issue of fact remains for trial.

Plaintiff's patent contains six claims. Three of the claims are worded in dependent form and must, therefore, "be construed to include all the limitations of the claim incorporated by reference into the dependent claim." 35 U.S.C. § 112. Accordingly, claim 2 of plaintiff's patent incorporates the limitations of claim 1, and claims 4 and 5 incorporate the limitations of claim 3. The independent claims (1, 3 and 6) provide, in part:

"Claim 1. A combined cabinet structure and shelf * * * a vertical shaft secured to said structure * * * a body having one end thereof pivotally mounted on said shaft * * * and pivot means secured to said shelf at a cut-out forward corner thereof adjacent said shaft, said pivot means engaging the opposite end of said body * * *.

"Claim 3. In combination, a cabinet structure * * * a shelf of substantially coextensive area * * * and a supporting post * * * hinge means having barrel portion mounted on and pivotally movable about said post and a second barrel portion for pivotally mounting said shelf structure thereon * * *.

"Claim 6. The combination of a cabinet structure * * * and a pivoted shelf structure of matching outer configuration * * * a hinge post * * * and hinge mounted on said post, said shelf structure having a pivot means adjacent an outer cut-out corner portion thereof mounted on such hinge * * * said hinge having a pair of vertically alined barrels * * * on one of which said shelf structure is mounted and the other of which is mounted on said post * * *."

The principle of pivoted shelves had been disclosed by patents issued long before plaintiff's.[2] The earlier patents, however, utilized a single pivot which required an arc shape of the shelf opposite the pivot in order to permit the shelf to clear the side wall of the cabinet in the swinging movement of the shelf out of the cabinet. The arc shape caused a substantial loss of shelf area. The device covered by plaintiff's claims utilizes a double pivot. The double pivot permits the shelf to move forwardly as well as swingingly out of the cabinet, thus reducing considerably the amount of arc required at the corner opposite the pivot for clearance of the side wall of the cabinet. The main object of the double pivot design is to permit use of shelves of a generally rectangular configuration with a maximum of shelf area.

It has been established by the uncontraverted affidavit of Virgil Rice, former B-W vice president in charge of manufacturing operations, that the only pivoted shelves manufactured by defendant since issuance of plaintiff's patent are shelves of single pivot design. It is B-W's contention that all of the claims of plaintiff's patent are combination claims, an essential element of which is a double pivot; that the difference between defendant's accused device and that claimed in plaintiff's patent is so obvious that no testimony is needed to establish non-infringement, consequently it is entitled to summary judgment. Plaintiff's position is that there are several material issues of fact to be resolved and that summary judgment may not, therefore, be entered. He contends that the interpretation of his patent (whether all the claims are combination claims or whether there are separate and

2. Perkins, No. 123,123, issued January 30, 1872 (Exhibit 3); Doud, No. 1,098,787, June 2, 1914 (Exhibit 4); Doud, No. 1,-248,288, November 27, 1917 (Exhibit 5); Hartman, No. 2,074,546, March 23, 1937 (Exhibit 6); Stratton, No. 2,092,430, September 7, 1937 (Exhibit 7); Spreen, No. 2,111,411, March 15, 1938 (Exhibit 8); D'Olive, No. 2,116,564, May 10, 1938 (Exhibit 9).

distinct claims for adjustability and removability of shelves) is a material fact issue requiring expert testimony. He urges also that expert testimony will be required to resolve yet another issue of fact, i. e. whether defendant's accused device is the mechanical equivalent of plaintiff's. It should be noted that plaintiff has filed no countervailing affidavit nor any other evidentiary material in support of his contentions.

■■ In my view there are no genuine issues of fact. The devices here in dispute are relatively uncomplicated and capable of comprehension by persons of ordinary intelligence without the aid of experts. See Leesona Corp. v. Robert Lewis Seigle, 281 F.Supp. 575 (E.D.Pa. 1968, Kirkpatrick, J.). The only issues here involve construction of the claims of plaintiff's patent. Construction of claims is properly a matter of law for the court.[3] Methode Electronics, Inc. v. Elco Corp., 385 F.2d 138 (3d Cir. 1967).

■ All six of the claims of plaintiff's patent are combination claims. The independent claims (1, 3 and 6) are clearly and expressly stated to be such by the use of the words "combined" (claim 1), "In combination" (claim 3), and "The combination" (claim 6) in conjunction with the elements of a cabinet with vertical shaft attached, shelves of a generally rectangular configuration, and a body one end of which is pivotally mounted to the shaft and the other end of which is pivotally attached to a shelf. Since claims 2, 4 and 5 are dependent on claims 1 and 3, they are likewise combination claims. 35 U.S.C. § 112, supra.

■■ All of the elements of a combination patent are deemed to be material; evidence to the contrary is not admissible. To establish infringement of a combination claim, it must be proved that the accused device employs all of the elements set forth in the claim. Omission of a single element is fatal to a charge of infringement. Nelson v. Batson, 322 F.2d

132 (9th Cir. 1963); Reiner v. I. Leon Co., 324 F.2d 648 (2d Cir. 1963); Stewart-Warner Corp. v. Lone Star Gas Co., 195 F.2d 645 (5th Cir. 1952); Etten v. Kauffman, 121 F.2d 137 (3d Cir. 1941). It is uncontradicted that defendant's pivoted shelves omitted an essential element of plaintiff's combination claims, i. e. the double pivot. Because of that omission plaintiff cannot establish infringement unless he can do so under the doctrine of equivalency.

■ The doctrine of equivalency is an equitable principle designed to insure that a patentee will not be denied the benefit of his patent by slight changes. This is a court created exception to the rule that infringement of a combination claim can only be established if *all* elements of the claim are employed in the accused device. Infringement can be established if the defendant

" * * * produces a device which, though not within the literal language of the claims of the patent, 'performs substantially the same function in substantially the same way to obtain the same result' as the claimed device, for the two devices are then in reality the same, differing only 'in name, form or shape.' " Nelson v. Batson, supra, 322 F.2d at p. 135.

See also Etten v. Kauffman, supra; Oregon Saw Chain Corp. v. McCulloch Motors Corp., 323 F.2d 758 (9th Cir. 1963).

■ The doctrine of equivalency is clearly inapplicable here. Plaintiff's argument that this is an issue which cannot be resolved without the benefit of expert testimony ignores reality. It is obvious even to lay persons with limited comprehension of mechanical and engineering principles that the single pivot is not the mechanical equivalent of the double pivot. Defendant's single pivot shelf cannot perform the same function in substantially the same manner as plaintiff's double pivot shelf.

---

**3.** Neither side has requested a jury trial, consequently whatever issues of fact might have been present would have been resolved by the court as the fact finder.

The function of the double pivot is to permit a duality of directional movement of the pivoted shelf—forwardly as well as swingingly out of the cabinet. The unitary swinging movement of the single pivot cannot accomplish the main object of plaintiff's claimed device, which is to permit use of a shelf of a generally rectangular configuration, thereby affording a maximum of shelf area for storage. The cases cited by plaintiff on this issue are of no help to his cause and one, Rowell v. Lindsay, 113 U.S. 97, 5 S.Ct. 507, 28 L.Ed. 906 (1885), actually supports defendant's position.

■ Plaintiff's final contentions are that his patent sets forth a separate and distinct claim for adjustability of shelves and that the language of his patent is broad enough to cover removability. The adjustability feature is set forth in claim 4 of plaintiff's patent. As before noted, claim 4 is a dependent claim, subject to all the limitations of the combination claim 3 which it incorporates by reference, consequently adjustability is but another of the elements of the combination claim and cannot, alone, support a charge of infringement.

■ The argument with respect to removability is even weaker. There is no mention of removability in any of the six claims, it is mentioned only in the specifications of plaintiff's patent. "Specifications can be used to limit * * * claims, but not to expand them." Oregon Saw Chain Corp. v. McCulloch Motors Corp., supra; Nelson v. Batson, supra.

Since non-infringement has been established by the pleadings and documents already on the record and since no genuine issues of fact remain for trial, defendant is entitled to the entry of summary judgment in its favor.

AND NOW, this 21st day of February, 1968, it is ORDERED that the Motion of Borg-Warner Corporation for Summary Judgment be and it is hereby GRANTED.